# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| GEORGE GRANT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:07-278-GRA-BM |
| | ) | |
| v. | ) | |
| | ) | |
| CAPTAIN BRYANT, MS., | ) | **REPORT AND RECOMMENDATION** |
| SWANEY, JOEY PRESTON, | ) | |
| DAVID CRENSHAW AND | ) | |
| ANDERSON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the Anderson County Detention Center, alleges violations of his constitutional rights because he was served some spoiled milk.

The Defendants filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on May 17, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on May 22, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the motion on May 29, 2007. After having received an extension of time, Defendants filed a reply memorandum on June 27, 2007. Defendants' motion is now before the

1



Court for disposition.[1]

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges in his verified Complaint[2] that on January 16, 2007 his constitutional

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion to dismiss when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a
(continued...)

2



rights were violated when he was served some spoiled milk. Although Plaintiff does not set forth any additional details in the text of his Complaint, he has attached to his Complaint copies of the grievances he filed concerning this matter, which reflect that on January 16, 2007 Plaintiff was served some milk with an apparent expiration date of December 31, 2006, and which you could tell was spoiled by the way it smelled. When Plaintiff requested that some form of disciplinary action be taken against the officials responsible for service of this milk, he received the response: "This was an honest mistake. I see no reason for discipline as your hallmen gave you fresh milk in place of your outdated [milk]. Mistakes happen." See Exhibit to Complaint [Inmate Request Form dated January 16, 2007]. Not satisfied with this response, Plaintiff grieved this matter seeking disciplinary action against the responsible officials; however, no disciplinary action was taken. See Exhibits to Complaint [Grievance Forms].

Defendants assert in their motion to dismiss that, even assuming the allegations of Plaintiff's Complaint to be true, he has patently failed to set forth a valid claim for violation of his constitutional rights, and that this action should therefore be dismissed. The undersigned is constrained to agree. Plaintiff alleges that on one occasion he was served a container of spoiled milk, which he did not even drink. These allegations do not set forth a claim of constitutional magnitude. While denial of nutritionally adequate food may violate the Eighth Amendment[3]. See

---

[2](...continued)
verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[3]While Plaintiff was apparently a pretrial detainee during the time period at issue, and the conditions of his confinement are therefore evaluated under the due process clause of the Fourteenth Amendment; see Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); the Fourteenth Amendment nevertheless guarantees at least Eighth Amendment protections. See Martin v. Gentile, 849 F.2d
(continued...)

3



French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985); Plaintiff's allegations are not sufficient to establish a constitutional claim.  See Williams v. Griffin, 954 F.2d 820, 824 (4th Cir. 1991) [in order to establish an Eighth Amendment claim, a Plaintiff must show that a named Defendant was deliberately indifferent to a serious deprivation of a basic human need]. Plaintiff does not allege that he has been denied food, nor has he alleged any injury as a result of having been given a container of spoiled milk, which he then did not even drink. Plaintiff's claim is patently without merit and should be dismissed. Harris v. Flemming, 839 F.2d 1232, 1235 (7th Cir. 1988) [prisoners cannot "expect the amenities, conveniences and services of a good hotel..."]; Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [federal courts should not entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 20, 2007

---

$^{3}$(...continued)
863, 870 (4th Cir. 1998) [holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections].

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

